Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

SOUTHERN District of ALABAMA

Division

|  |  |
|---|---|
| DARRYL HUDSON, LORENZO HUDSON | Case No.    1:25-cv-00152-KD-MU |
| _Plaintiff(s)_ | _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | |
| **-v-** | |
| CITY OF MOBILE ,ALA AND JUDGE DON DAVIS | |
| _Defendant(s)_ | |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | |

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DARRYL HUDSON  AND LORENZO HUDSON |
| Street Address | 4005 E. 150 ST |
| City and County | CITY CLEVELAND  AND COUNTY CUYAHOGA |
| State and Zip Code | OHIO |
| Telephone Number | 216-624-9025 |
| E-mail Address | DHUDSON216@AOL.COM |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CITY OF MOBILE ,ALABAMA |
| Job or Title *(if known)* | MUNICIPALITY |
| Street Address | 151 GOVERNMENT STREET |
| City and County | CITY OF MOBILE AND COUNTY OF MOBILE |
| State and Zip Code | ALABAMA |
| Telephone Number | 1-251-574-6000 |
| E-mail Address *(if known)* | TFORD@PROBATE.MOBILECOUNTYAL.GOV |

Defendant No. 2

| | |
|---|---|
| Name | DON DAVIS |
| Job or Title *(if known)* | JUDGE |
| Street Address | 151 GOVERNMENT STREET |
| City and County | CITY OF MOBILE AND COUNTY OF MOBILE |
| State and Zip Code | ALABAMA |
| Telephone Number | 1-251-574-6000 |
| E-mail Address *(if known)* | DON.DAVIS@PROBATE.MOBILECOUNTYAL.GOV |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

TITLE 42 U.S.C. SECTION 1983 CIVIL RIGHTS VIOLATION 14TH AMENDMENT DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW. EMPHASIS ADDED:SEE ; MONELL V. DEPARTMENT OF SOC. SERVS., 36 U.S. 658,691,98 S. CT. 2018, 56 L. ED.2D 611 (1971)THE U.S. SUPREME COURT RULED THAT WHEN EXECUTION OFA GOVERNMENT' S POLICY OR CUSTOM, WHETHER MADE BY ITS LAW MAKERS OR BY THOSE WHOSE EDICTS OR ACTS MAY FAIRLY BE SAID TO REPRESENT OFFICIAL POLICY, INFLICTS THE INJURY,THEN THAT GOVERNMENT AS AN ENTITLY IS RESPONSIBLE UNDER SECTION 1983.JUDGE DON DAVIS DEPRIVATION OF THE CONTESTANT'S RIGHT TO DISCOVERY BY THE APRIL 12, 2023 DISMISSAL OF CONTESTANT'S CASE, MAKE THE CITY OF MOBILE,ALABAMA LIABLE FOR MONETARY DAMAGES. ALSO DON DAVIS DEPRIVATION OF CONTESTANT'S CIVIL RIGHTS CREAT A CLAIM FOR INJUNCTIVE RELIEF TO DISMISS THE SUMMARY JUDGMENT ORDER GRANTED ON APRIL 12,2023 AND ALLOW THE CONTESTANTS THEIR CONSTITUTIONAL RIGHT TO DISCOVERY THAT WOULD ALLOW CONTESTANT TO GATHER THE EVIDENCE NEEDED TO CREAT A GENUINE ISSUE OF MATERIAL FACT, WHICH IS A MATERIAL RELEVANT DISPUTE BETWEEN THE TWO PARTIES, THUS WHICH MEETS THE SUBMISSIBILITY REQUIREMENTS FOR TRIAL.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

under the laws of the State of *(name)* _____ ,
and has its principal place of business in the State of *(name)* _____
_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of
   the State of *(name)* _____ . Or is a citizen of
   *(foreign nation)* _____ .

   b.   If the defendant is a corporation

   The defendant, *(name)* _____ , is incorporated under
   the laws of the State of *(name)* _____ , and has its
   principal place of business in the State of *(name)* _____ .
   Or is incorporated under the laws of *(foreign nation)* _____ ,
   and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.   The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

III.   **Statement of Claim**

   Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

   A.   Where did the events giving rise to your claim(s) occur?

MOBILE COUNTY PROBATE COURT MOBILE , ALABAMA: CASE # 2022-0621,  IN THE MATTER OF THE LAST WILL AND TESTAMENT OF OUR FATHER CHARLIE B. HUDSON. THERE WAS TWO ISSUES BEING CHALLENGED: 1) UNDUE INFLUENCE OVER THE TESTATOR BY HE STEPMOTHER REBECCA J. HUDSON AND HER DAUGHTER GENICE WHITERS,WHOM BOTH  HAS A CONFIDENTIAL AND DOMINANT RELATIONSHIP OVER THE TESTATOR AND IT WAS INFLUENTIAL,BECAUSE THE TESTATOR WAS 96 YEAR OF AGE, BEDRIDDEN AND HAD TO DEPEND ON PROPONANTS TO DO EVERYTHING FOR HIM SUCH AS FEEDING HIM, CLOTHING HIM, TAKING HIM TO THE BATHROOM etc.,IN ALL ASPECTS OF TESTATORS LIFE, BOTH BUSINESS AND PERSONAL. ALSO THERE WERE SIGNS OF UNDUE ACTIVITY AT THE TIME THE WILL WAS SIGNED, SUCH AS THE PROPONENTS INVOLVEMENT IN THE PREPARATION OF THE WILL, SUCH AS PICKING THE ATTORNEY. THE EVIDENCE ON THE RECORD SHOWED : THE ATTORNEY THAT PREPARED THE WILL, STATED IN HIS SWORN AFFIDAVIT THAT HE HAD NEVER MET THE TESTATOR IN HIS LIFE BEFORE THE PREPARATION OF THIS WILL. MOREOVER A REASONABLE MINDED TRIER OF FACTS COULD RULE IN THE CONTESTANT FAVOR AT TRIAL ON THIS ISSUE. MOREOVER IN SPECIFIC, THE QUESTION THAT WAS ASKED TO THE JUDGE AND THE PROPONENTS OF THE WILL , BY THE CONTESTANT ,WAS HOW DID A 96 YEAR OLD MAN WHO IS IN HOSPICE AND BEDRIDDEN WITH PROGRESSIVE HEART DISEASE,AND THERE ARE 5 NOTARIZE  LETTER SUBMITTED  AS EVIDENCE ON THE RECORD FROM 5 OF THE TESTATOR'S CHILDREN WHO WAS AROUND THE TESTATOR AT THAT TIME ,BUT WAS NEVER INFORMED THAT THEIR FATHER WAS COMPLETING A WILL, AND STATED IN THEIR LETTER BASED ON THEIR OWN PERSONAL KNOWLEDGE THEIR FATHER WAS IN COHERENT AND COULD NOT CARRY AND UNDERSTAND A CONVERSATION, THEREFORE HOW DID OUR FATHER COME TO MET THIS ATTORNEY ,WHOM HAS STATED ON THE RECORD VIA SWORN AFFIDAVIT, HE NEVER KNEW THE TESTATOR UNTIL THE WILL WAS BEING PREPARED. ALSO CONSIDER THE FACT THAT THE TESTATOR HAD VERY POOR VISION AND COULD NOT DRIVE A CAR.ALSO THE CONTESTANT NEEDED TO SPEAK WITH THE TESTATOR 'S  EYE DOCTOR TO FIND OUT IF THE POOR VISION HAD AN EFFECT ON THE TESTATOR'S COGNITION.  AND 2)THE SECOND ISSUE BEING CHALLENGED ,TESTAMENTARY CAPACITY AT THE TIME OF THE SIGNING OF THE WILL.THE TESTATOR OUR FATHER WAS 96 YEAR OLD MAN WHO WAS IN HOSPICE DYING OF PROGRESSIVE HEART FAILLURE.THE CONTESTANT WAS DEPRIVED OF HIS DISCOVERY RIGHT TO SPEAK TO THE TESTATOR 'S CARDIOLOIST AFTER A SUBPOENA WAS SENT OUT TO DISCLOSE MEDICAL  INFORMATION.THIS MEDICAL INFORMATION WAS RELEVANT TO THE CASE BECAUSE THE CARDIOLOGIST COULD HAVE PROVIDED INFORMATION REGARDING THE DIRECT CORRELATION TO PROGRESSIVE HEART FAILURE AND THE PATIENT OBTAINING DEMENTIA.THIS IS A SITUATION  THAT CAN OCCUR WHEN THE HEART IS NOT PUMPING ENOUGH BLOOD AND OXYGEN TO THE BRAIN AND IT AFFECT COGNITION. THE EVIDENCE WILL SHOW THE JUDGE BLOCKED THE CONTESTANT DISCOVERY PROCESS WHICH END ON MAY 8TH , 2023 AND RULE  ONSUMMARY JUDGMENT ON APRIL 12, 2023 WITH NO NOTICE, THIS HAPPEN AFTER THE SUBPOENAS WERE  SENT OUT BY THE COURT TO THE MEDICAL DOCTORS AND THE CONTESTANT WAS WAITING TO GATHER INFORMATION FROM THE TESTATOR'S MEDICAL DOCTOR.

B.      What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

ON APRIL 12, 2023, PROBATE JUDGE DON DAVIS WITH NO NOTICE TO THE CONTESTANTS, AND ABRUPTYL CUTTING OFF THE DISCOVERY DATE THAT WAS SET BY THE COURT TO END ON MAY 8TH, 2023 AND GRANTED THE PROPONENT'S MOTION FOR SUMMARY JUDGMENT AGAINST THE CONTESTANTS OF THE ALLEGED WILL, THAT WAS BEING CHALLENGED. AS THE FACT WILL STATE BELOW, THE CONTESTANTS HAD SUBMITTED SUBPOENAS TO THE COURT AND THE COURT GRANTED THE SUBPOENAS,SO THERE AFTER THE CONTESTANT COULD COMPETE DISCOVERY BY THE COURT ESTABLISHED TIME LINE, WHICH WAS SET UNTIL MAY 8TH, 2023. ps, THE DATE THAT PLAINTIFFS DISCOVERY RIGHTS WERE VIOLATED WAS APRIL 12, 2023 : PLAINTIFF HAVE 2 YEARS TO FILE CIVIL RIGHT VIOLATION

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Also statements of Allegations!
JUDGE DON DAVIS OF THE MOBILE COUNTY PROBATE COURT MOBILE ,ALABAMA DID WHILE WORKING IN HIS OFFICIAL CAPACITY ,UNDER THE COLOR OF LAW,VIOLATED TITLE 42 U.S.C. SECTION 1983, BY DEPRIVING THE CONTESTANTS OF THE WILL OF THEIR CONSTITUTIONAL DUE PROCESS RIGHTS TO DISCOVERY , UNDER THE ALABAMA RULES OF CIVIL PROCEDURE RULE 26 AND RULE 45 FOR SUBPOENAS.THE FACT HEREIN THIS CASE ARE AS FOLLOW: PLEASE SEE ATTACHMEN (EXHIBIT A): (TITLED STATEMENT OF FACT TO THE CASE).

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

THE CONTESTANTS ASKING FOR AN INJUNCTIVE RELIER IN THE MATTER FOR THE FOLLOWING REASONS:THE CONTESTANTS HAS EXHAUSTED ALL REMEDIES AT THE STATE LEVEL AND HAVE NO OTHER RECOURSE AND THE CONSTESTANTS.WILL BE FOREVER BARRED AND DEPRIVATED OF THEIR CONSTITUTIONAL RIGHTS.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

IN REFERENCE TO THE RELIEF , WE ARE SEEKING ONLY AN INJUNCTIVE RELIEF AGAINST
JUDE DON DAVIS RULING ON APRIL 12 , 2023  AND WE ASK THIS COURT TO PROTECT THE
PLAINTIFFS CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION OF THE LAW AND DUE
PROCESS OF THE LAW.WHEREFORE, WE ASK THIS COURT TO DISMISS JUDGE DON DAVIS
JUDGMENT FOR SUMMARY JUDGMENT AND ALLOW THE CONTESTANTS OF THE WILL TO
HAVE PROPER DISCOVERY, WHICH CONTESTANT ARE ENTITLED TO UNDER RULE 26 ALA
RULE OF CIVIL PROCEDURE.  MOREOVER THE CONTESTANT SEEKS COMPENSATORY
DAMAGES FROM THE CITY OF MOBILE , ALABAMA .

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information,
and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a
nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the
requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be
served.  I understand that my failure to keep a current address on file with the Clerk's Office may result
in the dismissal of my case.

Date of signing:          04/10/2025

Signature of Plaintiff    *Darryl Hudson  Lorenzo Hudso*

Printed Name of Plaintiff  *Darryl  Hudson and Lorenzo Hudson*

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address          DHUDSON216@AOL.COM

# Statement of facts Exhibit (A) of the Complaint: And Allegations.

These are the facts that led to the violation of the contestants deprivation violation of discovery right under: ALABAMA RULES OF CIVIL PROCEDURE RULE 26 AND Rule 45 for Subpoenas.THE FACT HEREIN THIS CASE ARE AS FOLLOW: THE PROPONENTS FILED THEIR MOTION FOR SUMMARY JUDGMENT ON MARCH 14, 2023.

Please note in volume 2 of the court record page 86 through 89, the court order given by probate judge Don Davis set by the court for discovery cutoff dates and time line**. In specific,see volume 2 On page 87 of the court records, view the court order signed by judge Don Davis setting the cutoff timeline for discovery, which was May 8th 2023.**

**Emphasis Added: 1) please note on the record the contestant had filed all motion and sent out all subpoenas for discovery, as was instructed by the court order to be sent to the court for approval or denial by march 24, 2023**

A)**The subpoenas included the testators cardiologist, Doctor. Michael Dowd heart doctor:** see motion for subpoena on page 106 on the court record volume 2, this was filed to the court on March 21st 2023 in compliance with the court order. The subpoena commanded the cardiologist to explain how heart failure could affect cognitive ability to think when there is less oxygen and blood being pumped to your brain and whether or not that could cause dementia.

B) **please note on page 171of court records volume number two, subpoena was sent to the testators optometrist, Dr Tim White on March the 21st 2023** which was in compliance with the judge order of what the optometrist was going to say as a witness.The subpoena was asking the courts to command the optometrist to discuss the testators medical issues with the contestant in regards to how poor eye vision can affect cognition and his ability to communicate coherently and make good sound decisions in reference to making a will.

C)**. The court record will show on March 7th 2023 A motion was filed to the probate court for a subpoena to be sent to PNC Bank and navigators credit Union to discuss and gather evidence as to how the proponent of the will, Genise withers whom is a favorite beneficiary, as to how her name was added to the testator's financial assets/bank accounts at the**

time that the testator was very vulnerable, meaning the testator was bedridden. She and her Mother had to feed him ,clothe him and help him go to the bathroom, **THE PROPONENT HAD COMPLETE CONTROL OVER THE TESTATOR LIFE FOR BOTH PERSONAL AND BUSINESS AFFAIRS. In specific, the proponents of the will had a confidential , dominant relationship over the testator's** , therefore , the contestant of the will needed discovery to communicate with the banks to see if there was undue activity, which is a required element to prove undue influence. Again in specific,  Favorite beneficiary Genise withers  name was added to the testators financial bank accounts when he was weak bedridden dying,and his doctor had placed him in hospice,  within weeks before the testator died, Genise Whiters name appeared on the PNC  Bank Account.  **The family needed answers, however before the contestants could enter the bank for questioning ,judge Don Davis dismissed the case on April 12, 2023 EVENTHOUGH DISCOVERY WAS NOT SET TO END UNTIL MAY 8, 2023.**

**Emphasis Added:** See  Court order of judge Don Davis, granting subpoena FOR CONTESTANT DARRYL HUDSON to go in the banks on COURT RECORD  volume 2. PAGE 131 AT BOTTOM OF THE PAGE. Signed by the judge on March 30th 2023.

**Emphasis added**: all of this evidentiary discovery evidence via subpoenas motion was filed  to the court incompliance with the court order date of March 24, 2023, and was  approved by the court on March 30, 2023.

**Emphasis Added**: The approval  for the Supoenas was granted  in favor of  the Contestants , as a result of a hearing that was set by the same Court Order issued by Judge Don Davis. The Hearing was  Schedules and held on March 29th ,2023. The  Hearing was set as a result of the proponents filing an Objection to the Contestants Motion to Subpoena PNC banks. As a result of the Objection filed by the Proponents of the will , the Judge ordered the hearing for both parties  to argue the relevance of the Banking evidence.

**Emphasis Added: as stated previously the Judge approved the Subpoena to enter PNC bank on March 30, 2023. The Court further stated in the order : The Court has instructed the clerk to send a copy of the court order to PNc bank with instruction to disclose all banking information of the Testator, requested by the contestant Darryl Hudson.**

**Emphasis Added**: Now at this point in time , which was March 30, 2023, all of the Motion for Discovery inregards to Subpoenas under rule 45, were filed and approved by the court: which included, The Subpoenas for the Testator's heart doctor, Dr. Michael DOWD and Eye

doctor , Dr. Tim White, PNC Banking information and Testator's Cell Phone information through APPLE, IPHONE.

**Emphasis Added**: I asked this court to consider the reasonable time and process , involved here:

1)
   The Judge instructed his clerks to mail the order to PNC  and Navigators Credit Union and APPle iPHONe on March 30, 2023. This process would take a reasonable amount of time say 3 to 4 days.

2)   The  Record show the  motion for the Subpoenas for the medical experts being the Testators Heart Doctor , Michael DOWD and the Eye doctor, Tim White was filed to the court on March 21, 2023, by the contestant in compliance with the court order , which stated Subpoenas has to be filed in court by March 24,2023.thereafter Both of these Subpoena had to be granted by the court, which they were and  mailed from the court to the Doctors as well and processed.

3) **Emphasis Added**: At this time the contestant  was in a waiting period to hear from the medical experts and to  set an appoint to speak with the banking institutions.

4) **Emphasis Added** : there was time because the Discovery date cutoff time was MAY 8, 2023 which is clearly stated in the Judge Order. Again see court record volume 2 page 87  to view the  court order signed by Judge Don Davis.

5) **Emphasis Added** :Therefore with no notice to the Contestant and the fact that the Court was clearly aware that the discovery time had not ended and the fact that the court had  recently sent out the Subpoena request for information/evidence, which was relevant to the case,  why would the Judge,Disregard the May 8th. 2023 cutoff date, for Discovery on the record, which is a deprivation of the Contestant Constitutional Right to Discovery and  Grant the Proponents      Motion for Summary Judgment on April 12, 2023.Moreover the Judge stated in his Opinion ,his decision was based on the fact that, Contestant did not submit any Evidence.

6) **Emphasis Added:**
   The proponents never filed a response to the contestant's motion to  rehear application to the Alabama Supreme Court regarding the fact that the judge had violated the Contestant's constitutional right to Discovery. **See Case Law: Hickman v. Taylor 329 U.S. 495 (1947). The United States Supreme Court ruled that all parties must be given Discovery.**

7) **EMPHASIS ADDED: THE CONTESTANT MADE THE ARGUMENT ON APPEAL TO THE ALABAMA SUPREME AND THEREAFTER  FILE AN APPLICATION TO REHEAR THE ARGUMENT BASED ON THE DISCOVERY DEPRIVATION VIOLATION BY JUDGE DON DAVIS. THE PROPONENT OR THE COURT NEVER FILED A RESPONSE TO THE CONTESTANT'S MOTION TO REHEAR TO ADDRESS THE**

Danyl Hudson

**DEPRIVATION OF THE CONTESTANT CONSTITUTIONAL RIGHT TO DISCOVERY.HOWEVER THE ALABAME SUPREME TOOK NO ACTION AND RULE AGAINST THE CONTESTANT.PLEASE SEE CASE LAW BELOW WHICH STATE THAT THE PROPONENT OF THE WILL AND THE COURT WAIVED THEIR RIGHT TO ARGUE THE ISSUE BECAUSE NEITHER FILED A RESPONSE TO THE CONTESTANT'S MOTION.**

8) **EMPHASIS ADDED: THE APPPLICATION TO REHEARING BASED DISCOVERY DEPRIVATION RIGHT AGAINST THE CONTESTANT WAS FILE ON FEBUARY 23, 2024 , ALABAMA SUPREME COURT CASE # SC 2023-0290. THERE ARE NO RESPONSE BRIEFS ON THE RECORD.**

1. *Waiving Arguments*

If a party fails to respond to an opponent's argument, the Court will find that the argument is waived for the purpose of the pending motion. Furthermore, perfunctory and undeveloped arguments are waived. *United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991). For example, a two-sentence "argument" that cites no legal authority is not a legal argument. It is perfunctory, and the Court will not consider it. *See Martinez v. Colvin*, 12 CV 50016, 2014 U.S. Dist. LEXIS 41754, at *26–27 (N.D. III. Mar. 28, 2014) ("[T]he Court notes that parties should not view judges as bloodhounds who are merely given a whiff of an argument and then expected to search the record high and low in an effort to track down evidence to locate and capture a party's argument."). Additionally, when an argument effectively requires analogous reasoning (think qualified immunity) but the brief contains no analogous reasoning, the Court may find waiver. And when responding to an argument, mere contradiction rather than a developed argument results in waiver. Id. at *27 ("[M]erely contradicting an opposing party's developed argument with a single, unsupported sentence is not an argument.").

## CERTIFICATE OF SERVICE *Page 1*

**I CERTIFY THAT A COPY OF THIS COMPLAINT WAS SENT TO THE FOLLOWING PARTIES LISTED BELOW ON THE DATE OF APRIL 10, 2025 IN THE FOLLOWING MANNER SERVED: SENT US MAIL.** *and email.*

*D.A.*

*City of Mobile Alabama*
*Probate court of Mobile Alabama.*
*P.O. Box office #7 Mobile, Alabama 36601*

CITY OF MOBILE ATTORNEY

**Civil Division**
Christopher Kern, Chief Assistant City Attorney
Cherlina Monteiro, Assistant City Attorney
Geoff Alexander, Assistant City Attorney

City of Mobile

https://www.cityofmobile.org › departments › legal *N/A* *P.A.*

*address*

Legal. **205 Government Street 9th Floor, South Tower.** Mobile,AL 36633-1827. Main Contact 251-208-7416.

*Proponents Attorney; David Anthony*
*P.O. Box 290*
*Mobile, Alabama 36601*
*Also via email; dda @ AJ LAW. com*  *same*
*DDA@AJ LAW.com*  *email*

**RESPECTFULLY SUBMITTED**
**DARRYL HUDSON** *Darryl Hudson*
*, Lorenzo Hudson;*

**CERTIFICATE OF SERVICE** Page 2

**I CERTIFY THAT A COPY OF THIS COMPLAINT WAS SENT TO THE FOLLOWING PARTIES LISTED BELOW ON THE DATE OF APRIL 10, 2025 IN THE FOLLOWING MANNER SERVED: SENT US MAIL.** and EMAiL.

SENT TO THE ATTORNEY GENERAL STATE OF ALABAMA

The current Attorney General of Alabama is Steve Marshall. His

officialaddress is 501 Washington Avenue, Montgomery, Alabama

36104.

Judge: Don DAVIS
Probate Court of Mobile County
Post office Box 7
Mobile, ALA 36601
Also ViA EMAiL: DON.DAVIS@ Probate.Mobile County AL.gov

Contestant DARRYL HUDSON and LORENZO Hudson
Signature
Darryl Hudson