IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL HUDSON and LORENZO HUDSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Civil Action No. 25-00152-KD-MU ) |
| CITY OF MOBILE, ALA. and JUDGE DON DAVIS, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the motion to substitute "Judge C. Mark Erwin in his Official Capacity as a Defendant" in place of retired Probate Judge Don Davis, motion to "add Mobile County as a Defendant", and motion for extension of time to complete service, filed by Plaintiffs Darryl Hudson and Lorenzo Hudson (the Hudsons) (doc. 13), their proposed First Amended Complaint (doc. 14-1),[1] and exhibits in support (doc. 16).

I. Background[2]

The Hudsons' father, Charlie B Hudson, died at the age of 96. At the time of his death, he was bedridden, had poor vision, and in hospice care for heart failure. The Hudsons allege that Mr. Hudson could not carry on or understand a conversation and needed assistance with feeding, clothing, and toileting (doc. 1, p. 5, 9-10). Also, at that time, Mr. Hudson had been married to

---

[1] The Hudsons' motion to file a corrected version of the proposed First Amended Complaint is granted (doc. 14). The proposed First Amended Complaint at Doc. 14-1, is substituted for the proposed First Amended Complaint at Doc. 13-1.

[2] This background information is adapted from the Complaint and the proposed First Amended Complaint (docs. 1, 14-1).

Rebecca J. Hudson for over 50 years. She is the Hudsons' stepmother. Mrs. Hudson and her daughter Genice Withers were Mr. Hudson's caregivers (Id.).

Shortly before his death, Mr. Hudson executed a Will leaving "everything" to Mrs. Hudson. Also, Ms. Withers was added to certain bank accounts (doc. 14-1, p. 18, doc. 1, p. 9). Ms. Withers and/or Mrs. Hudson petitioned for probate of the Will.

Darryl Hudson, appearing pro se, contested the Will (doc. 16-1, p. 5).[3] In his Complaint in this Court, he and Lorenzo allege that the Will was obtained through Mrs. Hudson's and Ms. Withers undue influence over Mr. Hudson and that Mr. Hudson lacked testamentary capacity at the time he executed the Will (doc. 1). According to the Hudsons,

> There was a sudden change in the Testators Estate Plan when the Will was signed just for 4 prior to the date of death. Testator was with his wife Rebecca Jones Hudson for over 50 years and there was never a Will in place. The contestants [the Hudsons] argue that under Alabama law when there is no Will 50 percent of the assets go to the Children.

(Doc. 14-1, p. 17) (*sic*) (bracketed text added).

On March 14, 2023, Mrs. Hudson and/or Ms. Withers filed a motion for summary judgment on Darryl Hudson's objections to probate of the Will (doc. 1, p. 9). On March 15, 2023, among other schedules, Probate Judge Don Davis set a hearing for March 29, 2023, on the "Proponent's Motion for Summary Judgment on 'Objection to Will' filed by Darryl Hudson and Brief in Support Thereof, on the Proponents' motion to quash some of Darryl Hudson's subpoenas, set May 8, 2023 as the close of discovery, and set a jury trial for June 6, 2023 (doc. 16-1, p. 5-8).

---

[3] Since Lorenzo Hudson does not appear to have contested the Will in the probate proceedings, he may lack standing to be a plaintiff in this action. If he did not contest the Will, Judge Davis could not have ruled against him, and consequently, could not have violated any alleged constitutional right to procedural due process.

In March 2023, Darryl Hudson obtained subpoenas to Mr. Hudson's cardiologist and optometrist, and to PNC Bank, Navigators Credit Union, and Mr. Hudson's cell service provider. The last subpoena was issued on March 31, 2023.

The hearing was held on March 29, 2023. Following the hearing, on March 31, 2023, subpoenas were issued for the cardiologist and optometrist to appear for trial (doc. 16-1, p. 1-2). Subpoenas were issued for PNC Bank and the Apple Store (cell phone) to produce documents (Id., p. 3-4).[4] On April 12, 2023, Judge Davis granted summary judgment in favor of the proponents, Mrs. Hudson and/or Ms. Withers.

Darryl Hudson appealed to the Alabama Supreme Court. He did not provide a copy of his appellate brief but did provide a copy of his motion for rehearing (doc. 16-1, p. 10-20). In that motion, among other arguments, he argued that the March 29th hearing was supposed to be a hearing on the objections to the subpoenas and not a hearing on the summary judgment motion and that Judge Davis ruled on the motion for summary judgment before he could provide the subpoenaed evidence from the medical experts or the banks in support of his opposition to the probate of the Will. He argued that Judge Davis acted in an arbitrary and capricious manner and violated his constitutional right to procedural due process and equal protection under the Fourteenth Amendment and that Judge Davis "just willfully disregarded Rule 26 and Rule 45 Alabama Rules Civil Procedure regarding discovery and subpoena of witnesses" (Id., p. 17). The Hudsons allege that the "Alabama Supreme [Court] took no action and rule[d] against" them (doc. 1, p. 12) (bracketed text added).

On April 11, 2025, the Hudsons filed a complaint pursuant to 42 U.S.C. § 1983 against Judge Davis in his official capacity seeking injunctive relief and against the City of Mobile for

---

[4] The Hudsons provided copies of four subpoenas (doc. 16-1).

monetary damages (Id.). They allege that "Judge Don Davis of the Mobile County Probate Court Mobile, Alabama did while working in his Official Capacity, under the color of law, violated Title 42 U.S.C. Section 1983, by depriving the contestants of the Will of their constitutional due process rights to discovery" under the Fourteenth Amendment (Id., p. 6).[5]

The Hudsons allege that Judge Davis set a deadline for discovery and allowed the issuance of subpoenas to the Hudsons' witnesses but then granted summary judgment in favor of the proponents (doc. 1). They argue that Judge Davis ruled without notice to the Hudsons that he was going to rule on the motion, before the Hudsons could file the evidence obtained from the subpoenas, and before the close of discovery, and then "stated in his Opinion, his decision was based on the fact that, Contestant did not submit any evidence." (doc. 1, p. 11). The Hudsons allege that without injunctive relief, vacating Judge Davis's order and reopening the case, they will be deprived of an opportunity to provide evidence that Mr. Hudson's Will should be set aside and his estate pass by the intestate succession laws. The Hudsons "ask this Court to dismiss Judge Don Davis judgment for summary judgment and allow the contestants of the Will to have proper discovery" (Id., p. 7).

The Hudsons also allege that pursuant to <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978), the City of Mobile is liable to them for monetary damages because of Judge Davis's alleged deprivation of their constitutional rights (Id.). The Court reviewed the Complaint and found that the City was not a proper defendant. The Court explained inter alia that Judge Davis was the Mobile County Probate Judge and not a City judge (doc. 12).

---

[5] The Hudsons also allege that their Fourteenth Amendment right to equal protection was violated. However, they did not allege any facts that would support an equal protection claim.

The Hudsons were given an opportunity to show cause why the action against the City should not be dismissed. The Hudsons did not respond to the Order.[6] Instead, the Hudsons filed the pending motion to substitute Judge Erwin in his Official Capacity in place of now retired Judge Davis, to "add Mobile County as a Defendant", and motion for extension of time to complete service on Judge Erwin and Mobile County (doc. 13).

II. Analysis

A. Motion to amend the Complaint to add Mobile County as a Defendant

The Hudsons move the Court for leave to amend their Complaint to add Mobile County as a defendant and bring a claim pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) against the County (doc. 13; doc. 14-1, proposed First Amended Complaint). They argue that "the evidence will show that Mobile County has demonstrated a deliberate conscious indifference and tolerated Former Probate Judge Don Davis behavior of allege Constitutional violations of citizens in Mobile County" (*sic*) (doc. 13, p. 4). The Hudsons argue that beginning in 2015, Judge Davis presided over five cases including their case "where there have been violations of citizens Constitutional Rights … which was published in the local newspaper, and by the local new media in the Mobile County area, and the Mobile County officials were fully aware of this behavior" because of the broadcast on local news channels (Id., p. 5). They argue that Mobile County's tolerance "creates a systemic pattern for unofficial custom of practice" (*sic*) (Id.).

Generally, the Hudsons, as pro se litigants, should have an opportunity to amend their complaint at least once, but the Court need not allow an amendment if it would be futile. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1128 (11th Cir. 2019) ("Ordinarily, we might

---

[6] Since the Hudsons did not respond and show cause why the City should not be dismissed, the City will be dismissed by separate order.

5

be inclined to remand to allow [the plaintiff] one more shot, particularly given his pro se status. We conclude, however, that any further amendment of the complaint would be futile, as [the plaintiff] didn't—and for reasons we'll explain, can't—otherwise state a claim."); see also Allen v. Dekalb Cnty. Jail's Med. Providers/Priv. Contractors, 632 Fed. Appx. 593, 595 (11th Cir. 2016) ("Normally, a party must be given at least one opportunity to amend before the district court dismisses the complaint. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). However, while leave to amend should be freely given when justice so requires, Federal Rule of Civil Procedure 15(a)(2), a district court need not allow an opportunity to amend if amendment would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (holding that an amendment is futile "when the complaint as amended would still be properly dismissed")").

Here, allowing the amendment to add Mobile County would be futile and subject to dismissal because Judge Davis was not acting on behalf of Mobile County when he engaged in the allegedly unconstitutional conduct. As explained in Little v. City of Valley, Alabama,

> "In [Monell], the Supreme Court held that a municipality can be held liable under [section] 1983." Underwood v. City of Bessemer, 11 F.4th 1317, 1333 (11th Cir. 2021) (citing Monell, 436 U.S. at 658). To impose section 1983 liability on a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Id. (citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)).

> Also, "a plaintiff must show that the [municipality] has authority and responsibility over the governmental function at issue" before the municipality can be held liable under Monell. Teagan v. City of McDonough, 949 F.3d 670, 675 (11th Cir. 2020) (citation modified). So, a "critical and threshold question is whether" the officials who performed the challenged governmental function acted "on behalf of the" municipality. Id. Generally, a "judge acts on behalf of the state, and not on behalf of the municipality, when he engages in judicial acts for the purpose of applying or enforcing a state law." Id. at 676–77 (citing Familias Unidas v. Briscoe, 619 F.2d 391, 404 (5th Cir. 1980)).

6

Little, 2025 WL 3280951, at *2–3 (11th Cir. Nov. 25, 2025); See McMillian v. Johnson, 88 F.3d 1573, 1578 (11th Cir. 1996) ("A threshold question ... is whether the official is going about the local government's business. If the official's actions do not fall within an area of the local government's business, then the official's actions are not acts of the local government."), aff'd sub nom. McMillian v. Monroe Cnty., 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)); Tucker v. Tucker, 2021 WL 450949, *4 (N.D. Ala. Jan. 7, 2021) (report and recommendation finding that even if probate judge presiding over probate of a Will would be considered a policymaker, he "would be acting under the authority of the State of Alabama and not the County.") (Citing Ala. Code. § 12-1-2) (report and recommendation adopted, 2021 WL 426213 (N.D. Ala. Feb. 8, 2021)).

The Hudsons allegations indicate that Judge Davis was presiding over the probate of the Will of their father and thus he was acting on behalf of the State. See Ala. Code § 12-1-2 ("The judicial power of the state is vested exclusively in a unified judicial system which shall consist of a Supreme Court, a Court of Criminal Appeals, a Court of Civil Appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law."); Ala. Code § 12-13-1(b) ("The probate court shall have original and general jurisdiction over the following matters: (1) The probate of wills.").

Judge Davis was not acting on behalf of Mobile County because he was not acting in an area of Mobile County's business. As such, Mobile County had no authority over or responsibility for Judge Davis's judicial actions. Thus, allowing an amendment to add Mobile County as a defendant would be futile because Mobile County would properly be subject to

7

dismissal. Accordingly, the motion for leave to amend to add Mobile County as a defendant is DENIED.

    B. Motion to substitute Judge Erwin

The Hudsons argue that pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Judge Erwin, in his official capacity, is automatically substituted for Judge Davis. Rule 25(d) sets forth as follows:

> (d) Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d).

The Hudsons sued retired Judge Davis in his official capacity (doc. 1). In that circumstance, Rule 25(d) dictates that the "officer's successor is automatically substituted as a party." Id. Accordingly, Judge Erwin, in his official capacity, is substituted for Judge Davis, as a defendant in this action. See Montgomery Cnty. Comm'n v. Fed. Hous. Fin. Agency, No. 2:12CV885-MHT, 2013 WL 1896256, at *4 (M.D. Ala. May 6, 2013), aff'd, 776 F.3d 1247 (11th Cir. 2015) (noting that "Steven L. Reed has replaced Reese McKinney, Jr. as Judge of Probate for Montgomery County and has been substituted as plaintiff pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.").

However, the Hudsons specifically state that they are seeking injunctive relief in the form of dismissal of Judge Davis's order. Judges are protected from declaratory and injunctive relief. Tarver v. Reynolds, 808 Fed. Appx. 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have

8

violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" Tarver, 808 Fed. Appx. at 754 (citing 42 U.S.C. § 1983); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)).  Importantly, "[a] state appellate process is an adequate remedy at law." Id. (citing Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).

Here, Judge Davis did not violate a declaratory decree, and declaratory relief was otherwise available through the appeal process.  The Hudsons took advantage of the state appellate process, an adequate remedy at law, by appealing Judge Davis's decision to the Alabama Supreme Court.

Accordingly, the Hudsons are ordered to **show cause** on or before **January 30, 2026** why Judge Davis and consequently Judge Erwin would not be immune from suit in this action.[7] The Hudsons are **warned** that failure to show cause why Judge Davis/Judge Erwin would not be immune will result in dismissal of this action with prejudice. See Austin v. Mullins, 2025 WL 2030051 (11th Cir. 2025) (affirming *sua sponte* dismissal with prejudice because Austin's claims against the judge and hearing officer in his state child-support proceedings "were barred under the doctrine of judicial immunity").

---

[7] Even if the Hudsons were seeking damages, a judge as a defendant in a Section 1983 action is entitled to absolute judicial immunity from damages for the actions taken while acting in his judicial capacity unless he or she "acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) ("The Court of Appeals correctly recognized that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ,' *Bradley, supra*, at 352, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' 7 13 Wall., at 351.").

C. Motion for extension of time

The Court will consider the motion for extension of time if it finds that the Hudsons have shown cause why Judge Davis/Judge Erwin would not be immune and finds that this action may proceed. Accordingly, the motion is DENIED with leave to reconsider.

III. Conclusion

For the reasons set forth herein,

1) the motion for leave to file a First Amended Complaint is DENIED;

2) the motion to substitute Judge Erwin, in his official capacity, for Judge Davis is GRANTED in that the substitution is automatic;

3) the motion for extension of time is DENIED with leave to reconsider; and

4) the Hudsons are ordered to **show cause** on or before **January 30, 2026** why Judge Davis and consequently Judge Erwin would not be immune from suit in this action.

The Clerk shall mail a copy of this order to the Hudsons at their address of record.

**DONE** and **ORDERED** this 6th day of January 2026.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE