IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRYL HUDSON and<br>LORENZO HUDSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 25-00152-KD-MU |
| | ) | |
| CITY OF MOBILE, ALA.[1] and<br>JUDGE C. MARK ERWIN,[2] | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the response to the Court's Order to show cause filed by Plaintiff Darryl Hudson (docs. 18, 20).[3] Upon consideration, and for the reasons set forth herein, this action is dismissed with prejudice as to Probate Judge C. Mark Erwin and as to former Probate Judge Don Davis.

I. Background[4]

In relevant part, on January 6, 2026, the Court found that Plaintiffs Darryl Hudson and Lorenzo Hudsons had sued Retired Probate Judge Davis in his official capacity and granted the Hudsons' motion to substitute Probate Judge Erwin, in his official capacity, for retired Probate

---

[1] The City of Mobile has been dismissed from this action.

[2] Judge Erwin has been substituted for retired Probate Judge Don Davis.

[3] Plaintiff Lorenzo Hudson did not sign the Response (doc. 20). Plaintiff Darryl Hudson is not an attorney and therefore, he cannot represent Lorenzo Hudson. See Torres v. Boundy, No. 25-11455, 2026 WL 823228, at *1, n.1 (11th Cir. Mar. 25, 2026) ("a non-attorney cannot represent the interests of another party."). Thus, the Court will address the response as that of Darryl Hudson only.

[4] A detailed background can be found in the Order entered January 6, 2026 (doc. 18).

Judge Davis (doc. 18). The Court also found that the Hudsons were seeking injunctive relief;

i.e., for this Court to dismiss Judge Davis's order granting summary judgment in favor of Genise

Withers (proponent of the Hudsons' father's Will) and against the Hudsons' contest of the Will.

> The Court explained that
>
> Judges are protected from declaratory and injunctive relief. Tarver v. Reynolds, 808 Fed. Appx. 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" Tarver, 808 Fed. Appx. at 754 (citing 42 U.S.C. § 1983); Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)). Importantly, "[a] state appellate process is an adequate remedy at law." Id. (citing Sibley v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).
>
> Here, Judge Davis did not violate a declaratory decree, and declaratory relief was otherwise available through the appeal process. The Hudsons took advantage of the state appellate process, an adequate remedy at law, by appealing Judge Davis's decision to the Alabama Supreme Court.

(Doc. 18, p. 8-9).

The Court also explained that "[e]ven if the Hudsons were seeking damages, a judge as a

defendant in a Section 1983 action is entitled to absolute judicial immunity from damages for the

actions taken while acting in his judicial capacity unless he or she "acted in the clear absence of

all jurisdiction" (Id., p. 9, n. 7) (Stump v. Sparkman, 435 U.S. 349, 356-357 (1978)). The Court

further explained that a "judge will not be deprived of immunity because the action he took was

in error, was done maliciously, or was in excess of his authority; rather, he will be subject to

liability only when he has acted in the 'clear absence of all jurisdiction." (Id.).

The Court ordered the Hudsons to show cause why Judge Davis and consequently Judge

Erwin would not be immune from suit in this action. The Court also explained that failing to

show cause would result in dismissal of this action with prejudice.

2

II. Analysis

In response to the Order to show cause why the Probate Judge would be immune from suit in this action, Hudson moves the Court for leave to amend the Complaint (doc. 20, p. 2, 3-4, 7). Originally, in the "Complaint and Request for Injunctive Relief", Darryl and Lorenzo Hudson alleged that Judge "Don Davis['s] deprivation of contestant's civil rights creat[es] a claim for injunctive relief to dismiss the summary judgment order granted on April 12, 2023 and allow the contestants their constitutional right to discovery …" (doc. 1, p. 3). They also alleged that Judge Davis was acting in his "official capacity, under the color of law" and violated 42 U.S.C. § 1983 "by depriving the contestants of the Will of their constitutional due process rights to discovery" (Id., p. 6). They stated

> … we are seeking only an injunctive relief against Judge Don Davis ruling on April 12, 2023 and we ask this court to protect the Plaintiffs' constitutional rights to equal protection of the law and due process of the law. wherefore, we ask this court to dismiss Judge Don Davis judgment for summary judgment and allow the contestants of the Will to have proper discovery, . . .

(Doc. 1, p. 7) (*sic*).

Now, as grounds for leave to amend, Hudson alleges that he is "not seeking a collateral attack to vacate Judge Don Davis's ruling from the past." (doc. 20, p. 2). Instead, he is "trying to exercise [his] constitutional fundamental right under Federal Rule [15(a)] to amend the original complaint as a matter of course and in that Amendment [he] will correct the remedy to state" that he is "seeking to stop future violations via Prospective Injunctive Relief" under the doctrine of Ex parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908). (Id., p. 2; p. 3-4, p. 7: "The Hudsons humbly ask this Honorable Court to allow the amendment of the Hudson's complaint, which is the Hudson's constitutional right as a matter of course to cure the defects here in the original

3

complaint such as the remedy asking to vacate the Judge's order in exchange for the remedy being to stop future violations by filing a Prospective Injunctive Relief …").

Apparently as grounds for allowing leave to amend, Hudson argues that he has met the prerequisites for prospective injunctive relief.[5] Specifically, he exhausted all State remedies by appealing Judge Davis's decision to the Alabama Supreme Court and that declaratory relief was unavailable because Alabama law "bars declaratory actions, if filed at the same time that a pending litigation on the same issue is ongoing"[6] (doc. 20, p. 4). Hudson does not challenge the Court's earlier finding that Judge Davis did not violate a declaratory decree. Hudson also does not explain who there is an "absence of an adequate remedy at law" vis the state appellate court process.

Hudson now argues that he meets the standing requirements under Article III of the United States Constitutional for prospective injunctive relief (Id., p. 5). Specifically, that Judge Davis violated his "constitutional rights while acting under the color of law in his official capacity" and the violation caused "real injuries" (Id.). Hudson explains that

> Judge Don Davis did in fact violate the Hudson's rights to fairness by creating biases against the Hudson's, by not allowing them time to complete discovery as a result of the Judicial ruling, triggered Administrative/Executive rulings via due process violations of biases, where Judge Don Davis, acting as a Final Policy Maker, thereafter signing his name to approve the Will and issued a letter testamentary to Genise Withers, where Genise Withers was able to transfer assets

---

[5] Hudson relies upon Sec. & Exch. Comm'n v. Graham, 823 F.3d 1357, 1361 (11th Cir. 2016) for the premises that injunctions look forward in time, that injunctions prevent future violations or regulate future conduct, and that injunctions do not provide relief for past injuries.

[6] Hudson cites Mathis v. Auto-Owners Insurance Company, 387 So, 2d 166, 167 (Ala. 1980) and appears to rely upon the decision that "Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action."

such as real estate property filing deeds and recordings as well as remove money from the Estates bank accounts and collect Estate rental property income. In specific, if not stopped via a Prospective Injunctive Relief, these constitutional Due Process biases will continue into the future in perpetuity.

…

[T]here are a total of 11 properties. The Estate has an ownership interest in 170 acres of land and there was money in the bank at the time of Charlie Brown Hudson's death, which was a part of his Estate. Again the Hudson's will continue to lose access to their inheritance, if there is no stopping of the future Constitutional violations of due process biases against the Hudson's who is continuing to be deprived of their rights to Discovery which continue to deprive the Hudson of their right to be heard in a meaningful way. Moreover, these violation triggered the Administrative / Executive Due Process bias violation, which also continues, which led to the issuance of the Letter Testamentary, which led to the Hudson being deprive of their Constitutional right to their inheritance all of which is still continuing into the future and will not stop unless an Injunctive Relief is issued

(Doc. 20, p. 5-6) (*sic*). Hudson concludes that this Court "can stop the continuation of the future harm by issuing a Prospective Injunctive Relief" (Id., p. 7). However, although Hudson calls this a prospective injunction, it is not. Hudson still seeks to enjoin the Probate Court's ruling against him in the Will contest.

Hudson now moves this Court to allow him to amend the original Complaint as a matter of course in compliance with Fed. R. Civ. P 15(a). Regarding amendments to pleadings, Rule 15(a) contains two sections. Section (a)(1) allows amending the complaint as a matter of course if the complaint is amended no later than 21 days after it is served or no later than 21 days after service of an answer or "21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Section (a)(2) applies to "all other cases" and allows a party to amend its pleading, or complaint, "only with the opposing party's written consent or the court's leave" and that the "Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

5

To the extent that Hudson moves pursuant to Rule 15(a)(1) to amend "once as a matter of course", his motion is denied. The Hudsons waived their right to amend once as a matter of course when they filed their motion for leave to amend the Complaint (doc. 13). Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (when a plaintiff who has the right to amend once as a matter of course files a motion for leave to amend the complaint, the plaintiff has "waived the right to amend as a matter of course" and, instead, is viewed as "invit[ing] the District Court to review [the] proposed amendment [ ].").

To the extent that Hudson moves pursuant to Rule 15(a)(2), Hudson, as a pro se litigant, should have an opportunity to amend his complaint at least once, but the Court need not allow an amendment if it would be futile. Silberman v. Miami Dade Transit, 927 F.3d 1123, 1128 (11th Cir. 2019) ("Ordinarily, we might be inclined to remand to allow [the plaintiff] one more shot, particularly given his pro se status. We conclude, however, that any further amendment of the complaint would be futile, as [the plaintiff] didn't—and for reasons we'll explain, can't— otherwise state a claim."); see also Allen v. Dekalb Cnty. Jail's Med. Providers/Priv. Contractors, 632 Fed. Appx. 593, 595 (11th Cir. 2016) ("Normally, a party must be given at least one opportunity to amend before the district court dismisses the complaint. … However, while leave to amend should be freely given when justice so requires, … a district court need not allow an opportunity to amend if amendment would be futile.").

Here, allowing the amendment would be futile because the prospective injunctive relief that Hudson seeks is not available and any amended complaint would be subject to dismissal. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (holding that an amendment is futile "when the complaint as amended would still be properly dismissed"). Claims for injunctive relief against judges acting in their judicial capacity are barred by Section 1983 unless

6

"a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.
Hudson does not dispute that Judge Davis did not violate a declaratory decree.  Hudson argues
that declaratory relief was unavailable because Alabama law prohibited him from seeking
declaratory relief in a separate action while the probate action was pending.

However, "[d]eclaratory relief is unavailable only if there is no 'adequate remedy at law"
and generally, the "state appellate process serves as an adequate remedy." Hart v. Carbuccia, No.
25-60335-CIV, 2026 WL 360190, at *3 (S.D. Fla. Jan. 15, 2026), report and recommendation
adopted, No. 25-60335-CIV, 2026 WL 357692 (S.D. Fla. Feb. 9, 2026). Also, in Daker v.
Keaton, No. 20-10798, 2021 WL 3556921 (11th Cir. Aug. 12, 2021), the Eleventh Circuit
explained that "[f]or a plaintiff to receive injunctive relief against a judicial officer under § 1983,
the officer must have violated a declaratory decree or declaratory relief must otherwise be
unavailable, 42 U.S.C. § 1983; to receive declaratory relief, the plaintiff must establish a
violation, a serious risk of continuing irreparable injury if the relief is not granted, and the
absence of an adequate remedy at law" Id., at *3.  Here, the Hudsons had an adequate remedy at
law – appeal to the Alabama Supreme Court - and they availed themselves of that remedy. Sibley
v. Lando, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam) (finding that a state appellate
process is an adequate remedy at law.).

Because Hudson cannot establish the necessary elements to obtain prospective injunctive
relief, allowing an amended complaint to seek prospective injunctive relief would be futile, and
subject to dismissal. Accordingly, his motion for leave to amend is denied. See Cohan v.
Calhoun, No. 2:25-CV-00742-RAH, 2026 WL 473352, at *3 (M.D. Ala. Feb. 19, 2026) ("Even
if Judge Calhoun incorrectly managed the probate case or erred in his decisions, Cohan has a
legal remedy through Alabama's judicial appellate process, . . .  Thus, Judge Calhoun's judicial

7

immunity also extends to Cohan's claims of declaratory and injunctive relief."); <u>Tarver v. Reynolds</u>, 808 Fed. Appx. 752, 755 (11th Cir 2020) (finding that "because there is no suggestion that Judge Reynolds violated a declaratory decree, and because Tarver has an adequate remedy at law: appeal through the state-court system" declaratory and injunctive relief was not available).

III. <u>Conclusion</u>

Lorenzo Hudson and Darryl Hudson did not respond. Instead, Darryl Hudson sought leave to amend the Complaint.  Since neither Plaintiff has shown why Probate Judge Davis, and his successor, Probate Judge Erwin, would not be immune from suit in this action pursuant to judicial immunity, and because the Hudsons were warned that failure to show cause would result in dismissal of this action with prejudice, this action is dismissed with prejudice.

Moreover, subject matter jurisdiction may be unavailable. Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over issues related to state court litigation and consequently lack authority to review a final judgment of a state court. Regardless of how the Hudsons frame the relief they seek in their Complaint, they are state court losers complaining of injuries caused by Judge Davis's order on summary judgment which allowed the probate of their father's Will.  <u>See Woodhull v. Fierle</u>, 554 Fed. Appx. 785, 786–87 (11th Cir. 2013) ("The [<u>Rooker–Feldman</u> ] doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state-court judgments. … We apply the doctrine to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' The doctrine applies to cases that are 'inextricably intertwined with the state-court judgment so that (1) the success of the federal claim would effectively nullify the state-court judgment, or that (2) the federal claim would succeed only to the extent that the state court

8

wrongly decided the issues.'") (internal citations omitted).  Here, if the Hudsons succeeded on their 14th Amendment due process violation claim, the only remedy sought is for this Court to nullify Judge Davis's order and allow the Hudsons to conduct discovery before responding to Wither's motion for summary judgment.

Pursuant to Fed. R. Civ. P. 58(a), final judgment shall issue by separate document.

The Clerk is directed to mail a copy of this Order to the Hudsons at their address of record.

**DONE** and **ORDERED** this 15th day of April 2026.


**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**